| | |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** | |
| **DIVISION OF ST. CROIX** | |

**UNITED STATES OF AMERICA ex rel.**
**WILLIAM A. THOMAS,**

       **Plaintiff,**    1:04-cv-116

 v.

**SIEMENS AG, SIEMENS CORPORATION,**
**and SIEMENS MEDICAL SOLUTIONS**
**USA, INC.,**

       **Defendants.**

_____

**TO:** David Marshall Nissman, Esq.
    Joycelyn Hewlett, Esq., AUSA
    Vincent A. Colianni, Esq.

### ORDER REGARDING MOTION TO TRANSFER VENUE

THIS MATTER is before the Court upon Defendants Siemens Corporation and Siemens Medical Solutions USA, Inc.'s Motion to Transfer Venue to the Eastern District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a) (Docket No. 42). Plaintiff Relator filed a response in opposition to said motion, and said Defendants filed a reply in support of their motion. The Court allowed Plaintiff Relator to file a surreply.

Said Defendants seek a transfer of venue to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) based upon the fact that Plaintiff does not reside in the

*United States ex rel Thomas v. Siemens AG*
1:04-cv-116
Order Regarding Motion to Transfer Venue
Page 2

Virgin Islands and "none of the events alleged in the complaint occurred in the Virgin Islands, none of the witnesses identified therein can be found here; none of the documents referenced therein or attached as exhibits thereto originated from or can now be found in the Virgin Islands." Memorandum of Law in Support of Motion to Transfer Venue Pursuant to 28 U.S.C. § 14014(a) at 1-2 (hereinafter, Memorandum in Support) (Docket No. 43). Plaintiff Relator opposes transfer by stating that his choice of forum is "rational, legitimate, and entitled to significant weight" and that the proposed forum is less efficient, transfer would substantially increase his litigation expenses, and the proposed forum is not significantly more convenient than the Virgin Islands. Relator's Response in Opposition to Defendants' Motion to Transfer (hereafter, Response in Opposition) (Docket No. 50) at 1-2.

## DISCUSSION

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[1]  A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is within the broad discretion of the Court. *Elbeco, Inc. v. Estrella de Plato, Corp.*, 989 F. Supp. 669, 679 (E.D. Pa. 1997).

---

1. All references to the United States Code are to the electronic versions that appear in Westlaw.

*United States ex rel Thomas v. Siemens AG*
1:04-cv-116
Order Regarding Motion to Transfer Venue
Page 3

> Courts consider many factors when ruling on motions to transfer venue, including: plaintiff's forum preference as manifested in the original choice . . .; the defendant's preference . . .; whether the claim arose elsewhere . . .; the convenience of the parties as indicated by their relative physical and financial condition . . .; the convenience of the witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the fora . . .; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum) . . . .
>
> The public interests have included: the enforceability of the judgment . . . ; practical considerations that could make the trial easy, expeditious, or inexpensive . . ..; the relative administrative difficulty in the two fora resulting from court congestion . . .; the local interest in deciding local controversies at home . . .; the public policies of the fora . . .; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara v. State Farm Ins. Co..*, 55 F.3d 873, 879-80 (3d Cir. 1995) (citations omitted). As this Court recently stated, the "court must balance all of the relevant factors and determine whether a transfer of venue would best serve all the private and public interests." *Kendricks v. Hertz Corp.*, Civ. No. 2005-0164, 2008 WL 3914135 at *3 (D.V.I. August 18, 2008) (citation omitted).

**Private interest factors**

Plaintiff Relator correctly states that Plaintiff's preference is to be given great weight. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970). It is also true that "'[p]laintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum,'" *Lomanno v. Black*, 285 F. Supp. 2d 637, 644 (E.D.Pa. 2003)

*United States ex rel Thomas v. Siemens AG*
1:04-cv-116
Order Regarding Motion to Transfer Venue
Page 4

(quoting *Rowles v. Hammermill Paper Co., Inc.*, 689 F.Supp. 494, 496 (E.D.Pa.1988)) or "where plaintiff does not reside in that forum." *United States ex rel. Penizotto v. Bates East Corp.*, No. CIV.A 94-3626, 1996 WL 417172 at *2 (E.D. Pa. July 18, 1996) (citing *Fischer v. Consolidated Rail Corp.*, No. CIV.A. 95-7692, 1996 WL 72576 (E.D. Pa. February 20, 1996)).

Weighing the convenience of the parties, the Court finds that neither Plaintiff Relator nor said Defendants reside or are otherwise located in the Virgin Islands. Travel and other costs would be incurred by both sides whether this action is litigated in the Virgin Islands or in the Eastern District of Pennsylvania. Consequently, the fact that said Defendants can better absorb the costs of litigating in the Virgin Islands does not weigh against transfer.

The Court observes that the "convenience to witnesses weighs heavily in making a decision regarding a motion to transfer venue." *Gonzalez v. Electronic Control Systems, Inc.*, No. Civ. 93-3107, 1993 WL 372217 at *4 (E.D. Pa. September 17, 1993) (citation omitted) (cited in *Fellner ex rel. Estate of Fellner v. Philadelphia Tobaggan Coasters, Inc.*, No. Civ. A. 05-1052, 2005 WL 2660351 at *5 (E.D. Pa. October 18, 2005) (slip op.)). Said Defendants' Memorandum in Support states that at least thirteen (13) of the central witnesses identified by Plaintiff are "current employees of SMS who work out of SMS headquarter in Malvern, Pennsylvania." Memorandum in Support at 5. Said Defendants also reference other witnesses who are "former SMS employees who currently reside within the jurisdiction of

*United States ex rel Thomas v. Siemens AG*
1:04-cv-116
Order Regarding Motion to Transfer Venue
Page 5

the Eastern District of Pennsylvania" or within 100 miles of such district. Thus, these are all witnesses who would not subject be to the subpoena powers of this Court.

It cannot be disputed that, as Plaintiff Relator argues, 31 U.S.C. § 3731 allows service of witness subpoenas in an FCA action any where in the United States.[2] However, this Court, unlike the court in *United States ex rel. Penizotto v. Bates East Corp.*, No. CIV.A 94-3626, 1996 WL 417172 (E.D. Pa. July 18, 1996), finds that the mere service of a trial or deposition subpoena does not confer the right to enforce such subpoena. Federal Rule of Civil Procedure 45, which governs subpoenas, contains separate provisions for *service* of subpoenas, found in subparagraph b[3] of said rule, and for complying with subpoenas, found in subparagraph c[4]. Because Section 3731 addresses service of such subpoenas and

---

2. Section 3731 provides: "A subpena requiring the attendance of a witness at a trial or hearing conducted under section 3730 of this title may be served at any place in the United States." 31 U.S.C. § 3731(a).

3. Subsection 2 of subparagrph b, titled "Service in the United States," provides in relevant part:

> Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:
> (A) within the district of the issuing court;
> (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;
> (C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or
> (D) that the court authorizes on motion and for good cause, if a federal statute so provides.

Fed. R. Civ. P. 45(b)(2)

4. Subsection 3 of subparagraph c not only allows the quashing of a subpoena, but also, in some instances, requires it:

*United States ex rel Thomas v. Siemens AG*
1:04-cv-116
Order Regarding Motion to Transfer Venue
Page 6

not the enforcement thereof, the Court finds that it does not supercede Fed. R. Civ. P. 45(c) nor does it preclude any witness outside the 100-mile "zone" from moving to quash and discharge any duty to comply with such a subpoena.

Neither Plaintiff Relator nor said Defendants identify any witnesses located in the Virgin Islands. Thus, the Court finds that this factor weighs in favor of transfer.

Since the physical evidence in this matter is comprised almost exclusively of records and other documents and, as such, can easily be transported or otherwise obtained, the

---

(3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information;
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
    (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

Fed. R. Civ. P. 45(c)(3)

*United States ex rel Thomas v. Siemens AG*
1:04-cv-116
Order Regarding Motion to Transfer Venue
Page 7

Court finds that this factor weighs against transfer. *See, e.g., Gonzalez v. Electronic Control Systems, Inc.*, No. CIV. 93-3107, 1993 WL 372217 at *4 (E.D. Pa. September 17, 1993).

**Public interest factors**

Of the public interest factors listed in *Jumara*, the only factor that concerns the Court is the local interest in deciding local controversies. Although many of the events and circumstances underlying this case may have occurred throughout the United States and involve several federal agencies that may have some presence in the Virgin Islands, it is clear that this matter does not center on a local controversy. When considering, as the *Kendricks* court did, the "relationship of the respective communities to which the jurors are required to serve to the occurrences that give rise to the instant litigation," 2008 WL 3914135 at *8, the Court finds that the citizens of Pennsylvania have a much greater interest in this matter, based upon the location of the headquarters of Defendant Siemens Medical Solutions USA, Inc., the residence and employment of the many witnesses, and the primary location of the negotiation of the federal contracts at issue in that forum. Consequently, the citizens of that forum should bear the responsibility for jury duty.

**Conclusion**

Based upon the foregoing, the only relevant factors against transfer is Plaintiff Relator's choice of forum, access to records and documents and other physical evidence,

*United States ex rel Thomas v. Siemens AG*
1:04-cv-116
Order Regarding Motion to Transfer Venue
Page 8

and, arguably, the convenience of the parties. Because none of those factors are accorded much weight, the Court finds that the balance of all the factors strongly weighs in favor of transfer. *Kendricks*, 2008 WL 3914135 at *8; *see also Kressen v. Federal Ins. Co.*, 122 F. Supp. 2d 582, 589-90 (D.V.I. 2000).

Accordingly, it is now hereby **ORDERED**:

1. Defendants Siemens Corporation and Siemens Medical Solutions USA, Inc.'s Motion to Transfer Venue to the Eastern District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a) (Docket No. 42) is **GRANTED**.

2. This matter is **TRANSFERRED** to the United States District Court for the Eastern District of Pennsylvania, and the Clerk of Court shall forward a copy of the file in this matter to said court.

3. The operation of this order is **STAYED** for ten (10) days to allow any appeal or until the resolution of any appeal that may be filed, whichever occurs later.

ENTER:

Dated: June 12, 2009

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE